GUSTAV A. SCHLENS and WILLIAM WILKENS,
Surviving Executor and Trustees, *vs.* ALICE WIL-
KENS.

*Devise and Legacy—Construction of a Clause Relating to After-
Born Children.*

A testator directed the residue of his estate to be divided into as many
shares as he should leave children living at the time of his death,
and then devised one share to each of his four children living at the
time the will was made. The will also provided that "if any other
children shall be born to me hereafter, who, or their issue, shall be
living at the time of my death, then I give to each such child or his
issue one of the said equal shares into which my residuary estate
shall be divided, provided such child or the issue living at the time
of my death of any such hereafter-to-be-born child then deceased
shall live to attain the age of twenty-one years * * * and in
case of the death of any such hereafter-to-be-born child of mine or of all
the issue of any such deceased child under the age of twenty-one
years and without issue, then," a provision as to such share was
made. A daughter was born to the testator after the execution of
the will, who attained the age of twenty-one years. *Held,* that she

VOL. 89          34          (

is now entitled to an absolute estate in her share free from any trust; that it was not the intention of the testator that both the attainment of the age of twenty-one and having issue should concur before vesting of the estate, and that the provision relating to the death of a child thereafter born under twenty-one and without issue is not applicable.

Appeal from a decree of the Circuit Court for Baltimore County (Burke, J). Parts of the testator's will, in addition to those quoted in the opinion of the Court, were as follows:

" And as to all the rest and residue of my estate, whether real or personal, and wheresoever the same may be situated, including my reversionary interest in the property mentioned in the deed of marriage-settlement aforesaid, and all other my lands, tenements, hereditaments, and property of every description whatsoever, I dispose of the same in manner following, that is to say: I direct the same to be divided equally by my executors hereinafter named, into so many parts or shares as I shall leave children living at the time of my death; and if any of my children shall die in my lifetime leaving issue, who shall be living at the time of my death, it is my will, that the issue of such child or the respective issue of such children, if more than one, shall represent their said parent or respective parents, and be reckoned and counted as a child or children, as the case may be, for the purpose of such division.   *   *   *

" And one other of the said equal parts or shares of my said residuary estate, I devise and bequeath to the said Herman H. Grane, Louis Wilkens and Gustav Adolph Schlens, upon the trusts following, that is to say, in trust during the minority of my daughter, Anna Maria Wilkens, to expend the whole or so much as they may deem requisite of the income thereof, in or about her maintenance and education, or otherwise, for her benefit; and the receipts of the said Catherine Wilkens, her mother, shall be full acquittances to the said trustees for all of said income which may be paid to her for such purposes, and the surplus, if any, of said income, to accumulate and invest; and in further trust, if and when my said last-mentioned daughter shall attain the

age of twenty-one years, to pay the income of the part or
share of the accumulations aforesaid, during the natural life
of the said Anna Maria, to her, the said Anna Maria, for
her sole and separate use, without power to her to alien or
anticipate said income, so as her receipts alone shall be suf-
ficient discharges to the trustees for the said income, and at
the death of the said Anna Maria, then as to the principal
of the said part or shares and accumulations in trust for all
the children of the said Anna Maria, share and share alike,
and if the said Anna Maria shall die leaving no issue living
at the time of her death, and leaving her mother, the said
Catherine, her surviving, then, and in such case I give and
devise one equal half-part of all the said part or share of
my residuary estate, in this clause mentioned, and of the
accumulations therefrom, to her, the said Catherine, abso-
lutely, and the other half-part thereof to all my children
living at the time of the death of the said Anna Maria, and
to the issue then living of any child or children of mine,
then deceased, to take, if more than one, as tenants in com-
mon, according to the stocks and not to the number of indi-
viduals, the issue of deceased children taking by substitu-
tion as tenants in common, the respective shares only which
their respective parents would, if living, have taken ; and if
my said wife, Catherine, shall not be living at the time of
the death of the said Anna Maria, then I devise and be-
queath the whole of the said part or share with the accumu-
lations to my other children, and issue, in the same manner
as above provided as to a moiety thereof, in case of the said
Catherine surviving the said Anna Maria.''

· The cause was argued before McSherry, C. J., Fowler,
Briscoe, Boyd, Pearce and Schmucker, JJ.

*William T. Donaldson* (with whom was *Fielder C. Sling-
luff* on the brief), for the appellants.

By reference to the provision made in said will for the
infant daughter, Anna Maria Wilkens, it will appear that the
said daughter, Anna Maria Wilkens, during the term of her

life, was only to get the income of her share, which share, after the death of the said Anna Maria, was to go to her issue, and in the event of her death without issue, then over, as provided in said will. . Accordingly, when the testator, in making provision for his after-born children, in addition to the age limitation of twenty-one years, added the limitation of their death, *without issue*, it is clear that he intended the words *without issue* to have some legal meaning.

While it is true, in the clause above, the testator used the language " provided such child or the issue living at the time of my death of any such hereafter-to-be-born child then deceased, shall live to attain the age of twenty-one years," in the succeeding clause he adds the language " without issue," and then, in addition, limits the estate as " provided in respect to the part or the share of the said Anna Maria, in case of her dying without issue, as aforesaid," it is evident that, before the estate could absolutely vest, the contingency of the attainment of the age of twenty-one years and the having issue should both occur. It does not seem reasonable that a testator, exercising the care and prudence in the disposition of his estate, which William Wilkens seems to have exercised, and while imposing conditions and limitations upon the shares of his children then living, should have intended that after-born children should take their shares free and clear of any such provisions and limitations.

*Alfred S. Niles* (with whom was *Oscar Wolff* on the brief), for the appellee.

The will provides for two contingencies, so far as after-born children are concerned, viz: (1.) In case " such child or the issue living at the time of testator's death of any such hereafter-to-be-born child shall live to attain the age of twenty-one years." (2.) " In case of the death of any such hereafter-to-be-born child of mine or of all the issue of any such deceased child as aforesaid under the age of twenty-one years and without issue."

In the first contingency his or her share is given to each such child or its issue—if such thereafter-born child predeceases the testator—absolutely as soon as such child or such issue attains the age of twenty-one. This is the contingency which has now become fact in the case of the appellee, and as a consequence she is now absolute owner of her estate and is entitled to a conveyance of it from the trustees.

Briscoe, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Baltimore County, and involves the construction of certain clauses of the last will and testament of William Wilkens, late of that county. Mr. Wilkens died in the year 1879, leaving a large and valuable estate, and his will dated the 19th of April, 1876, was duly admitted to probate in the Orphans' Court of Baltimore County. Gustav A. Schlens and William Wilkens are the surviving trustees and the appellants in this case.

The testator, after providing for those of his children who were living at the date of his will, devised and bequeathed as follows: "And if it shall happen that any other children shall be born to me hereafter who, or their issue shall, be living at the time of my death, then I give and devise to each such child, or his or their representative issue, one of the said equal parts or shares into which my residuary estate shall be divided as aforesaid, *provided such child or the issue living at the time of my death of any such hereafter-to-be-born child then deceased* shall live to attain the age of twenty-one years :

" And I empower my executors to expend so much as they shall deem requisite of the income of the contingent share or shares of such hereafter-born child or children, or issue aforesaid, during their respective minorities, in or towards their maintenance and support respectively ; and in case of the death of any such hereafter-to-be-born child of mine, or of all the issue of any such deceased child, as

aforesaid, under the age of twenty-one years and without issue, then I limit and give the part or share of my estate which such child would have taken if living to the age of twenty-one years, in the same manner as hereinafter provided in respect to the part or share of the said Anna Maria in case of her dying without issue, as aforesaid."

It appears from the record that there were two children born to the testator after the date and execution of his will, a daughter, Alice, and a son, Christian.

On the 14th of July, 1883, the Circuit Court of Baltimore County assumed jurisdiction of this trust and directed that the executors administer the trust estate set apart for Alice and Christian Wilkens under the order and direction of that Court.

On the 11th of March, 1899, Alice Wilkens, the appellee, filed a petition in the Circuit Court stating, among other things, that she had attained the age of twenty-one years on the 6th of October, 1898, and that she was entitled to hold her property free and discharged from any trust whatever. This petition was answered by the trustees, admitting the facts as alleged, but denying that she was entitled, under a proper construction of the will, to an absolute estate in the property, and asking for a construction of the will.

And from the decree adjudging that "the share held in trust and set apart for Alice Wilkens, became vested in her absolutely upon her attaining the age of twenty-one years," this appeal has been taken.

This case, we think, is free from difficulty.

The testator's intention is distinctly stated by the language used in the will in providing for his after-born children. He specifically states the contingency which should first happen before the property devised to them should take effect or vest in them, and that was when such child or the issue living at the time of his death, shall live to attain to the age of twenty-one years.

The petition alleges, and the answer filed by the trustees admits, that the daughter, Alice, has attained to the age of

twenty-one years. This contingency, when the estate should vest having occurred, there can be no question, it seems to us, that the appellee takes an absolute estate under her father's will, free and discharged from any trusts, and is entitled to a conveyance of it from the trustees.

The contention of the appellant that before the estate could absolutely vest, the contingency of the attainment of the age of twenty-one years and the having issue should both occur, cannot be sustained. The clause of the will relating to the limitation of the estate, " in case of the death of any such hereafter-to-be-born child of mine or of all the issue of any such deceased child, under the age of twenty-one years and without issue," was only intended to apply upon the failure of the after-born children to attain to the age of twenty-one years.

Finding no error in the decree below, it will be affirmed. The costs in this Court and in the Court below to be paid out of the estate.

> *Decree affirmed, with costs in both Courts, to be paid out of the estate.*

(Decided June 21st, 1899).